**Charles E. CULLIPHER, Albert Plafcan and Jerry Plafcan**

v.

**LINDSEY RICE MILL, INC., Falcon Rice Mill, Inc., Farmers Rice Milling Company, Inc., National Bank of Commerce of Pine Bluff, AR.**

**Civ. No. 88–4128.**

United States District Court, W.D. Arkansas, Texarkana Division.

Feb. 15, 1989.

Ben Franks, Franks & Grimes, Texarkana, Tex., for plaintiff.

Frank Killough, Houston, Tex., for defendant Lindsey Rice Mill, Inc.

Thomas S. Streetman, Arnold, Hamilton & Streetman, Crossett, Ark., for defendant Falcon Rice Mill, Inc. and Farmers Rice Milling Co., Inc.

Terry Wynne, Bridges, Young, Matthews, Holmes & Drake, Pine Bluff, Ark., for defendant Nat. Bank of Commerce of Pine Bluff, Ark.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

Plaintiffs Charles Cullipher, Albert Plafcan, and Jerry Plafcan are farmers. Each

borrowed money from the Commodity Credit Corporation of the U.S. Department of Agriculture to finance his farming operations. According to the complaint, these loans entitled the Commodity Credit Corporation to a first lien on the proceeds from the sale of their crops.

In November, 1986, the plaintiffs contracted to sell their rice crops to Bearhouse, Inc., apparently a rice crop broker. In January, 1987, Bearhouse took possession of the plaintiffs' rice crops and delivered them to defendants Lindsey Rice Mill, Falcon Rice Mill, and Farmers Rice Milling Company. At that point, defendant National Bank of Commerce having allegedly told the defendant rice mills that it had a first lien on the proceeds of all sales of Bearhouse, those defendants made the payments for the rice crops directly to defendant National Bank of Commerce instead of to the plaintiff farmers. Bearhouse has since filed for bankruptcy and evidently has never paid the plaintiff farmers for their rice crops.

The plaintiff farmers allege that because the Commodity Credit Corporation had a first lien on their crops, the proceeds from the sale of those crops should have been paid to the plaintiff farmers themselves or to the Commodity Credit Corporation, but in any case *not* to the National Bank of Commerce. They thus sue the defendant rice mills and the defendant bank for conversion. They ask for compensatory damages of approximately $97,000 for plaintiff Cullipher and approximately $16,500 for the plaintiffs Plafcan. They also ask for punitive damages in the amount of $1,000,000 from the defendant bank.

The defendant bank and two of the defendant rice mills have now moved to dismiss for lack of subject matter jurisdiction. The motions will be denied.

## I.

The complaint alleges that jurisdiction is predicated on both diversity and the existence of a federal question. The complaint, however, states that the plaintiff farmers are citizens of Arkansas and that the defendant bank has its principal place of business in Arkansas, which makes it also a citizen of Arkansas for purposes of the diversity statute. *See* 28 U.S.C. § 1332(c). Thus complete diversity does not exist, and this court has no jurisdiction over the case under 28 U.S.C. § 1332(a)(1).

The plaintiff farmers contend that federal question jurisdiction exists because of their loans from the Commodity Credit Corporation and that agency's lien on their crops. They allege that because of the actions of the defendants, the plaintiff farmers have been unable to satisfy the Commodity Credit Corporation's lien. They further allege that the Commodity Credit Corporation's consequent assertion of a lien against their future crops establishes a federal question sufficient to confer jurisdiction. Finally, they allege that because they themselves had security interests or liens on their rice crops established under the terms of a federal statute, a federal question exists sufficient to confer jurisdiction.

## II.

"The most difficult single problem in determining whether federal question jurisdiction exists is deciding when the relation of federal law to a case is such that the action may be said to be one 'arising under' that law." [1] 13B C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3562 at 17–18 (1984). In general, the commentators tell us, federal question jurisdiction exists when a federal law provides both a right and the remedy for that right or when a well pleaded complaint based on state law establishes that resolution of the dispute requires determination of the meaning or application of a federal law. *Id.* at 40–43; *see also Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2855–2856, 77 L.Ed.2d 420 (1983).

---

**1.** This court has jurisdiction over all civil actions "arising under" the Constitution, the laws, or the treaties of the United States. *See* 28 U.S.C. § 1331.

As noted above, the plaintiff farmers assert two bases for federal question jurisdiction—first, liens allegedly held by the Commodity Credit Corporation, a federal agency, and, second, security interests created by a federal statute. The court will deal with these arguments separately.

■ The Commodity Credit Corporation was established in 1948 as an agency of the U.S. Department of Agriculture. *See* 15 U.S.C. § 714. It has the power to make loans to farmers. *See* 15 U.S.C. § 714b(h), § 714b(*l*); *see also* 7 U.S.C. § 1441–1(a), § 1441–1(j). If the Commodity Credit Corporation were suing the defendants for diverting money that should have been paid to it, the court would be better able to see the existence of a federal question related to a lien held by that agency. *See, e.g.,* 15 U.S.C. § 714b(c). Furthermore, the Commodity Credit Corporation arguably has the power to intervene in this case if it wishes, *id.,* and yet it has not attempted to do so. In that case also, the court might be able to see the existence of a federal question related to such a lien.

In the absence of either of those circumstances, the court looks to see if any federal statute grants jurisdiction to this court in cases where the Commodity Credit Corporation holds a lien on a farmer's crop and the farmer seeks to assert a conversion claim against others based on their alleged conduct in impeding the farmer's satisfaction of that lien. The court has found none, and the plaintiff farmers have failed to cite any such statute. Nor does the court see anything in the plaintiff farmers' complaint that requires, for the resolution of their conversion claim, a determination as to the meaning or application of any law relating to the Commodity Credit Corporation. The court therefore holds that no federal question jurisdiction exists deriving from the existence of liens on the plaintiff farmers' rice crops held by the Commodity Credit Corporation.

## III.

■ The plaintiff farmers also contend that the provisions of 7 U.S.C. § 1631 create a security interest for them in their crops and that this statutorily created security interest establishes a federal question.[2] That section defines the conditions under which a buyer of farm products may take those products subject to or free from a security interest of the seller. *See* 7 U.S.C. § 1631(d), § 1631(e), § 1631(g).

To prove a conversion claim, a plaintiff must show that a defendant exercised dominion over property in violation of rights of ownership or possession held by the plaintiff. *See, e.g., Ford Motor Credit Co. v. Herring,* 267 Ark. 201, 204, 589 S.W.2d 584 (1979) (*in banc*). To resolve the plaintiff farmers' claim in this case, then, the trier of fact will have to determine if indeed the plaintiff farmers had a property interest created by state or federal law in the rice crops at issue. It will be necessary to apply the terms of 7 U.S.C. § 1631(e) to make that determination as to federal law. The court therefore holds that federal question jurisdiction has been established by the claim of a federally created security interest in the rice crops at issue.

## IV.

For the reasons stated, the motions to dismiss are denied.

---

2. It is not clear to the court that the plaintiff farmers have satisfied the conditions listed in the statute to create a security interest in the rice crops at issue. *See* 7 U.S.C. § 1631(e). However, that question may be resolved later if a motion for summary judgment is made; for purposes of a motion to dismiss, the allegation in the complaint that the plaintiff farmers have a security interest created by that statute is sufficient.