Charles E. CULLIPHER, et al., Plaintiffs,

v.

LINDSEY RICE MILL, INC., et al., Defendants.

Civ. No. 88–4128.

United States District Court, W.D. Arkansas, Texarkana Division.

Feb. 9, 1990.

E. Ben Franks, Texarkana, Tex., for plaintiffs.

Frank Killough, Houston, Tex., for Lindsey Rice Mill, Inc.

Thomas S. Streetman, Crossett, Ark., for Falcon Rice Mill, Inc. and Farmers Rice Mill. Co., Inc.

Terry F. Wynne, Pine Bluff, Ark., for First Nat. Bank of Commerce of Pine Bluff, Ark.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

Plaintiffs Charles Cullipher, Albert Plafcan, and Jerry Plafcan are farmers who contracted to sell their rice crops to Bearhouse, Inc., in November, 1986. In January, 1987, Bearhouse took possession of the plaintiffs' rice crops and delivered them to defendants Lindsey Rice Mill, Falcon Rice Mill, and Farmers Rice Mill. At that point, defendant National Bank of Commerce having allegedly told the defendant rice mills that it had a first lien on the proceeds of all sales of Bearhouse, those defendants made the payments for the rice crops directly to the defendant bank instead of to

the plaintiffs. Bearhouse has since filed for bankruptcy and evidently has never paid the plaintiff farmers for their rice crops.

Each of the plaintiffs had borrowed money from the Commodity Credit Corporation of the U.S. Department of Agriculture to finance his farming operations. According to the complaint, these loans entitled the Commodity Credit Corporation to a first lien on the proceeds from the sale of their crops. The plaintiffs allege that because the Commodity Credit Corporation had a first lien on their crops, the proceeds from the sale of the crops should have been paid to the plaintiffs themselves or to the Commodity Credit Corporation, but in any case *not* to the National Bank of Commerce. Thus they sue the three defendant rice mills and the defendant bank for conversion.

All four of the defendants now move for summary judgment. Two of the defendants allege that the court lacks subject matter jurisdiction over the case; all four allege that the plaintiffs had no right to ownership or possession of the rice crops at the time those crops were delivered to the defendant rice mills and therefore that no conversion could have occurred. The court finds that the defendants are entitled to prevail on the first ground asserted; the case will therefore be dismissed for lack of subject matter jurisdiction.

\* \* \* \* \* \*

The court has stated that the apparent basis for subject matter jurisdiction in this case is the existence of a federal question, *i.e.*, the necessity of interpreting 7 U.S.C. § 1631 to determine whether the plaintiffs had a federally created security interest in the rice crops at issue.[1] *See Cullipher v. Lindsey Rice Mill, Inc.*, 706 F.Supp. 35, 37 (W.D.Ark.1989). That statute became effective on December 23, 1986. *See* 7 U.S.C. § 1631(j).

Two of the defendant rice mills assert that under the contract of sale between Bearhouse and the plaintiffs, title to the plaintiffs' rice crops passed to Bearhouse

---

**1.** That statute creates a security interest in the seller of farm products if the seller satisfies certain conditions. *See* 7 U.S.C. § 1631(e).

at the time of execution of the contract. They further assert that because the contract was executed in November, 1986, before the federal statute came into effect, no federally created security interest in the rice crops at issue could have been created and therefore that the court lacks subject matter jurisdiction to consider the case.[2] The court agrees.

Under state law, title to the rice crops at issue passed at the time of delivery, see Ark.Code Ann. § 4-2-401(2), unless otherwise explicitly agreed by the parties, see Ark.Code Ann. § 4-2-401(1). The contract between Bearhouse and each plaintiff states, "The undersigned seller of the grain indicated on this contract fully understands that he or she is transferring title of said grain to the buyer and is relinquishing all control of the grain to the buyer." That contract was executed in November, 1986.[3] The court holds that the language quoted is an explicit agreement by the parties that title would pass at the time the contract was executed rather than at delivery of the rice crops.

It is apparent, then, that no security interest created by 7 U.S.C. § 1631 in the plaintiffs' rice crops could have existed at the time title in the crops passed from the plaintiffs to Bearhouse, because the sale occurred[4] before the statute became effective. Since the statute was not in effect at the time of sale, no federal question is before the court. The case will therefore be dismissed for lack of subject matter jurisdiction.[5]

---

**2.** The court alluded to the possibility of this problem in its order filed March 9, 1989, but could not resolve it at that time because of insufficient information.

**3.** Only the contract between Bearhouse and plaintiff Charles Cullipher is in evidence. However, the plaintiffs Plafcan acknowledge by implication in their depositions that they made the same contract with Bearhouse as that executed by plaintiff Cullipher. See A. Plafcan deposition Tr. 8, 26–27, 29, 31, and J. Plafcan deposition Tr. 8. In addition, the plaintiffs' attorney has informed the court that the plaintiffs acknowledge

that all of the contracts were executed at approximately the same time.

**4.** A sale occurs when title passes. See Ark.Code Ann. § 4-2-106(1).

**5.** The court wishes to emphasize the limited scope of its holding. The court holds only that the plaintiffs had no security interest created by federal law at the time of the sale of the rice crops at issue. The court makes no finding as to whether the plaintiffs may have had a security interest created by state law; see, e.g., Ark. Code Ann. § 4-2-401(1), § 4-9-113, § 4-9-203(2).